# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 4:25-cv-00089-SGC |
| ) | |
| TCI OF ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant TCI of Alabama, LLC ("TCI"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 7 and 12, answers the Complaint filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") and asserts the following affirmative defenses:

### NATURE OF ACTION

EEOC's Amended Complaint contains an unnumbered introductory paragraph entitled "Nature of Action" which does not appear to require a response from TCI. However, to the extent that it requires a response from TCI, TCI denies the allegations contained in "Nature of Action."

## JURISDICTION AND VENUE.

1. TCI admits jurisdiction is proper pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, and that this action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. TCI admits venue is proper in this Court. TCI denies the remaining allegations contained in Paragraph No. 2 of EEOC's Complaint.

## PARTIES.

3. TCI admits EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3).

4. TCI admits it is a foreign limited liability company who does business in the State of Alabama and has at least 15 employees. TCI denies the remaining allegations contained in Paragraph No. 4 of EEOC's Complaint.

5. TCI admits it is an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES.

6. TCI admits that Charlotte Burrows, during her tenure as an EEOC Commissioner filed a Charge with EEOC more than thirty days prior to this lawsuit which alleged violations of Title VII.

7. TCI admits that on May 17, 2024, EEOC issued a Letter of Determination and invited TCI to participate in Conciliation.

8. TCI admits it engaged in conciliation discussions with EEOC but denies the remaining allegations contained in Paragraph No. 8 of EEOC's Complaint.

9. TCI denies the allegations contained in Paragraph No. 9 of EEOC's Complaint.

10. TCI cannot admit or deny the allegations contained in Paragraph No. 10 of EEOC's Complaint because they appear to be based in part on allegations contained in Paragraphs Nos. 8 and 9 of EEOC's Complaint which TCI does not fully admit.

## STATEMENT OF CLAIMS.

11. TCI admits its Pell City, Alabama plant recycles and disposes of both PCB-contaminated items and non-contaminated items such as metals from used and obsolete oil-filled transformers and other electrical equipment.

12. TCI denies the allegations contained in Paragraph No. 12 of EEOC's

Complaint.

    a.    TCI denies the allegations contained in Paragraph No. 12(a) of EEOC's Complaint.

    b.    TCI denies the allegations contained in Paragraph No. 12(b) of EEOC's Complaint.

    c.    TCI denies the allegations contained in Paragraph No. 12(c) of EEOC's Complaint.

    d.    TCI denies the allegations contained in Paragraph No. 12(d) of EEOC's Complaint.

    e.    TCI admits that laborer's require locker rooms and shower facilities at the jobsite and that TCI provides laborers with clothing and protective gear.

    f.    TCI admits that in or around 2006, TCI purchased the Pell City, Alabama plant from Trans-Cycle Industries, Inc. Deny remaining.

    g.    TCI denies the allegations contained in Paragraph No. 12(g) of EEOC's Complaint.

    h.    TCI denies the allegations contained in Paragraph No. 12(h) of EEOC's Complaint.

    i.    TCI denies the allegations contained in Paragraph No. 12(i) of

5014097_1

EEOC's Complaint.

j.  TCI denies the allegations contained in Paragraph No. 12(j) of EEOC's Complaint.

k.  TCI denies the allegations contained in Paragraph No. 12(k) of EEOC's Complaint.

l.  TCI denies the allegations contained in Paragraph No. 12(l) of EEOC's Complaint.

m.  TCI denies the allegations contained in Paragraph No. 12(m) of EEOC's Complaint.

n.  TCI denies the allegations contained in Paragraph No. 12(n) of EEOC's Complaint.

o.  TCI denies the allegations contained in Paragraph No. 12(o) of EEOC's Complaint.

p.  TCI denies the allegations contained in Paragraph No. 12(p) of EEOC's Complaint.

13. TCI admits females were referred to TCI to fill laborer positions and TCI modified some shower and locker room facilities. TCI denies the remaining allegations contained in Paragraph No. 13 of EEOC's Complaint.

14. TCI denies the allegations contained in Paragraph No. 14 of EEOC's Complaint.

# COUNT I
# TITLE VII – SEX DISCRIMINATION – FAILURE TO HIRE AND FAILURE TO RECRUIT

15. TCI adopts and incorporates its responses to Paragraph Nos. 1 through 14 of EEOC's Complaint in response to Paragraph No. 15 of EEOC's Complaint.

16. TCI denies the allegations contained in Paragraph No. 16 of EEOC's Complaint.

17. TCI denies the allegations contained in Paragraph No. 17 of EEOC's Complaint.

18. TCI denies the allegations contained in Paragraph No. 18 of EEOC's Complaint.

19. TCI denies the allegations contained in Paragraph No. 19 of EEOC's Complaint.

20. TCI denies the allegations contained in Paragraph No. 20 of EEOC's Complaint.

21. TCI denies the allegations contained in Paragraph No. 21 of EEOC's Complaint.

## PRAYER FOR RELIEF

TCI denies it is liable to EEOC for any wrongdoing or that EEOC is entitled to any of the relief requested in the Prayer for Relief following Paragraph No. 21 of EEOC's Complaint, including subparagraphs A through H, and respectfully

requests this Court enter judgment in favor of TCI, dismiss EEOC's claims against TCI, with prejudice, and tax all court costs against EEOC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

TCI denies all allegations of EEOC's Amended Complaint not explicitly admitted in this Answer and demands strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

All actions or conduct by TCI taken with regard to applicants were based on legitimate, non-discriminatory reasons, unrelated to gender.

### THIRD AFFIRMATIVE DEFENSE

The decisions and actions challenged as discriminatory would have been undertaken even had the alleged class not had the protected status alleged.

### FOURTH AFFIRMATIVE DEFENSE

TCI denies that the alleged class's gender was a factor in any employment decision made with respect to any alleged class member.

### FIFTH AFFIRMATIVE DEFENSE

TCI did not engage in any discriminatory conduct with regard to the alleged class nor act with any intent to discriminate against any alleged class member based on their gender.

### SIXTH AFFIRMATIVE DEFENSE

5014097_1

EEOC's allegations do not rise to the level of gender discrimination such that relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

TCI denies that EEOC has sufficiently identified any members of the alleged group of aggrieved individuals in its Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

TCI exercised reasonable care to prevent and promptly correct any discriminatory behavior, including, but not limited to, having a well-established anti-discrimination policy and anti-harassment policy, which provide complainants with several avenues of redress.

### NINTH AFFIRMATIVE DEFENSE

TCI took reasonable steps to prevent and promptly correct discrimination in the workplace.

### TENTH AFFIRMATIVE DEFENSE

TCI denies EEOC is entitled to any relief under Title VII or § 1981a, because TCI denies discrimination occurred.

### ELEVENTH AFFIRMATIVE DEFENSE

TCI denies that the acts alleged in EEOC's Amended Complaint were committed willfully, wantonly, intentionally, or in reckless disregard of the alleged class's rights.

5014097_1

## TWELFTH AFFIRMATIVE DEFENSE

EEOC's claims of pattern and practice and disparate treatment are inappropriate and unsuitable for class relief because TCI denies discrimination of any kind occurred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged injuries are not derivative of EEOC's claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by the alleged class were not foreseeable.

## FIFTEENTH AFFIRMATIVE DEFENSE

EEOC or the putative class is not entitled to any compensatory, punitive, injunctive, or other relief from TCI, including relief for mental anguish or emotional distress.

## SIXTEENTH AFFIRMATIVE DEFENSE

TCI denies the putative class suffered mental anguish or emotional distress as a result of any act or conduct of TCI.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any damages incurred by the alleged class were proximately caused by third parties over whom TCI has no control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The putative class's damages are the result of a superseding and intervening

cause.

## NINETEENTH AFFIRMATIVE DEFENSE

EEOC's claims are barred because the alleged class did not suffer any damage as a result of TCI's actions.

## TWENTIETH AFFIRMATIVE DEFENSE

The putative class failed to mitigate their damages. Alternatively, if the alleged class did mitigate their alleged damages, TCI is entitled to an offset.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The punitive damages sought by EEOC are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution because the acts, if any, and omissions, if any, of TCI, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, oppressive, or fraudulent intent to deny the alleged class their protected rights; and are not so wanton or willful as to support an award of punitive damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages is subject to applicable statutory caps.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

EEOC's claims for punitive damages violate the Fifth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportional, or bear a reasonable relationship, to the actual harm incurred;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

TCI reserves the right to amend its Answer to the Amended Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation consistent with Federal Rules of Civil Procedure, Rule 15, and any Orders entered by the Court.

## JURY DEMAND

TCI demands a trial by struck jury as to all of EEOC's claims.

DATED:  April 28, 2025.

Respectfully submitted,


By: /s *Taffi S. Stewart*
Taffi S. Stewart, Esq. (ASB-0450-M72T)
*Attorneys for TCI of Alabama, LLC*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
tstewart@lgwmlaw.com

12

5014097_1

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of April, 2025, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Christopher Lage, Esq.
Gwendolyn Young Reams, Esq.
Marsha Lynn Rucker, Esq.
Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 651-7045
Christopher.lage@eeoc.gov
Gwendolyn.reams@eeoc.gov
Marsha.rucker@eeoc.gov
*Attorney for Plaintiff*

                                        /s **_Taffi S. Stewart_**
                                        OF COUNSEL