# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | 4:25-cv-00089-CLM |
| ) | |
| TCI OF ALABAMA, LLC, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| ONIN STAFFING, LLC, PERSONNEL ) | |
| STAFFING, INC. and WORKSMART, ) | |
| INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

## THIRD-PARTY COMPLAINT

Defendant TCI of Alabama, LLC ("TCI"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 14 and 19, files this Third-Party Complaint to add Onin Staffing, LLC, Personnel Staffing, Inc., and WorkSmart, Inc., as Third-Party Defendants who should be joined to the litigation as indispensable parties.

## NATURE OF ACTION AND BACKGROUND

1. On January 17, 2025, Plaintiff Equal Employment Opportunity

Commission ("EEOC") filed its Complaint against TCI "to correct [alleged] unlawful employment practices on the basis of sex and provide appropriate relief to a class of aggrieved females who were [allegedly] denied [laborer positions] because of their sex." (Doc. 1, p. 1).

2. EEOC alleges that, since August 1, 2020, TCI engaged in "a pattern or practice of recruitment and hiring discrimination against [a] class of aggrieved females available for laborer positions because of their sex." (Doc. 1, p. 1).

3. EEOC alleges that, since August 1, 2020, TCI "instructed multiple third-party temporary staffing agencies it use[d] to hire laborers not to hire, refer, or assign females to work in laborer positions at [TCI's] Pell City Alabama plant." (Doc. 1, p. 1).

4. TCI was the only named defendant in the Complaint. (Doc. 1).

## PARTIES.

5. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

6. Defendant TCI is a limited liability company, organized and existing under the laws of New Jersey, whose principal place of business in Alabama is located in Pell City, St. Clair County, Alabama.

7. Third-Party Defendant Onin Staffing, LLC ("Onin") is a limited

5014097_1

liability company, organized and existing under the laws of Alabama, whose principal place of business is in Birmingham, Jefferson County, Alabama. Onin has done business in St. Clair County, Alabama since August 1, 2020.

8.  Third-Party Defendant Personnel Staffing, Inc. ("PSI") is a corporation, organized and existing under the laws of Alabama, whose principal place of business is in Gadsden, Etowah County, Alabama. PSI has done business in St. Clair County, Alabama since August 1, 2020.

9.  Third-Party Defendant WorkSmart, Inc. ("WorkSmart") is a corporation, organized and existing under the laws of South Carolina, whose principal address in Alabama is in Tuscaloosa County, Alabama. WorkSmart has done business in St. Clair County, Alabama since August 1, 2020.

10. Onin, PSI, and WorkSmart (collectively, "Third-Party Defendants") are employers engaged in in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

11. Third-Party Defendants are staffing agencies who have referred or assigned laborers to TCI's Pell City, Alabama location during the time frame EEOC alleges TCI engaged in discriminatory practices regarding the alleged aggrieved female potential laborers.

## ADMINISTRATIVE PROCEDURES.

12. EEOC filed a Commissioner's Charge against TCI on June 28, 2023,

5014097_1

in which EEOC alleged that since 2020, TCI engaged in alleged "unlawful employment practices based on gender", including:

1. Failing or refusing to hire individuals into laborer positions, based on their gender, female.

2. Failing or refusing to recruit for employment individuals into laborer positions, based on their gender, female.

13. On May 17, 2024, EEOC issued a Letter of Determination to TCI.

14. TCI and EEOC participated in conciliation, but these efforts did not result in a resolution of the claims.

15. EEOC filed this suit against TCI on January 17, 2025.

16. At different times in 2023, EEOC filed separate Commissioner's Charges against Third-Party Defendants.

17. These Charges allege that Third-Party Defendants engaged in discriminatory practices in violation of Title VII by failing or refusing to refer females for laborer positions, including laborer positions at TCI.

18. The Commissioner's Charges against Third-Party Defendants remain pending investigation before EEOC's investigative unit.

## FACTUAL ALLEGATIONS

19. TCI accepts and handles the disposal and recycling of PCB contaminated items.

20. TCI's facility is located in Pell City, Alabama.

21. Since 2017, TCI has relied exclusively on third-party staffing agencies to fill its vacant laborer positions at its facility in Pell City, Alabama.

22. For the entire time frame in which EEOC alleges TCI engaged in discriminatory recruiting and hiring practices, TCI has relied on third-party staffing agencies, including Third-Party Defendants, to fill vacant laborer positions at its facility in Pell City, Alabama.

23. EEOC alleges that, since August 1, 2020, TCI has engaged in unlawful employment practices by failing to recruit and hire women to work as laborers at its facility in Pell City, Alabama. (Doc. 1, ¶ 12).

24. EEOC alleges that, since August 1, 2020, TCI has intentionally excluded women as laborers at its facility in Pell City, Alabama in favor of hiring equally or less qualified male applicants. (Doc. 1, ¶ 12(a)).

25. EEOC alleges that TCI instructed staffing agencies not to refer females to work in laborer positions at its plant. (Doc. 1, ¶ 12(c)).

26. EEOC alleges that "[a]s part of its standard operating procedure, [TCI] instruct[ed] staffing firms not to refer women for laborer positions." (Doc. 1, ¶ 12(p)).

27. After receiving the alleged instruction by TCI, Third-Party Defendants continued to do business with TCI and continued to refer males to TCI for vacant laborer positions.

28. EEOC seeks relief on behalf of the aggrieved females who were not referred to TCI for laborer positions by staffing agencies including Third-Party Defendants.

29. In its Prayer for Relief, EEOC seeks to

> make whole the class of aggrieved female potential laborer employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place of hiring of qualified females, and where appropriate, front pay or instatement.

(Doc. 1, Prayer for Relief at ¶ C).

30. In its Prayer for Relief, EEOC seeks to "make whole the class of aggrieved female potential laborer employees by providing compensation" for past and future pecuniary and non-pecuniary losses resulting from the alleged unlawful employment practices. (Doc. 1, Prayer for Relief at ¶s D and E).

31. In its Prayer for Relief, EEOC seeks punitive damages on behalf of the aggrieved female potential laborer employees from TCI for the alleged unlawful employment practices and for such other relief as the Court deems necessary and proper. (Doc. 1, Prayer for Relief at ¶s F and G).

## COUNT I:  TITLE VII – SEX DISCRIMINATION
## FAILURE TO REFER FOR HIRING

32. TCI adopts and incorporates the allegations set forth in Paragraph Nos. 1 through 31 of this Third-Party Complaint in support of Count I.

33. EEOC pursues a claim of sex discrimination against TCI for an alleged violation of Title VII arising from TCI allegedly failing to accept female laborers from third-party staffing agencies since August 1, 2020.

34. EEOC pursues a claim of sex discrimination against TCI for an alleged violation of Title VII arising from TCI allegedly instructing third-party staffing agencies to not refer females to TCI for laborer positions since August 1, 2020.

35. For the entire time frame in which EEOC alleges TCI engaged in discriminatory recruiting and hiring practices, TCI obtained laborers exclusively through referrals from third-party staffing agencies, including Third-Party Defendants.

36. EEOC has pending Commissioner's Charges against Third-Party Defendants alleging that Third-Party Defendants failed to refer females as laborers to TCI.

37. Third-Party Defendants are necessary and indispensable parties to this action because, for TCI to have committed the alleged discriminatory practices alleged in this action, Third-Party Defendants also had to discriminate against the alleged aggrieved female potential laborer employees because TCI relied exclusively on third-party staffing agencies, including Third-Party Defendants, to staff its laborer positions.

5014097_1

38. Third-Party Defendants are necessary and indispensable parties to this action because, for TCI to have committed the alleged discriminatory practices alleged in this action, Third-Party Defendants had to fail or refuse to refer female potential laborer employees to TCI.

39. Third-Party Defendants are necessary and indispensable parties to this action because, TCI could not have committed the alleged discriminatory practices of not accepting female potential laborer employees without Third-Party Defendants not referring them.

40. Third-Party Defendants are necessary and indispensable parties to this action because, in the absence of Third-Party Defendants, the aggrieved female potential laborer employees cannot be made "whole" for the relief sought by EEOC.

41. Third-Party Defendants are necessary and indispensable parties to this action because, in the absence of Third-Party Defendants, complete relief cannot be accorded among those already parties.

42. Third-Party Defendants are necessary and indispensable parties to this action because the alleged aggrieved female potential laborer employees only have one set of damages.

43. Third-Party Defendants are necessary and indispensable parties to this action because the absence of Third-Party Defendants would impair or impede

TCI's ability to protect its interests.

44. Third-Party Defendants are necessary and indispensable parties to this action because the absence of Third-Party Defendants could subject TCI to a substantial risk of incurring double, multiple or otherwise inconsistent obligations should liability be found against TCI or Third-Party Defendants.

45. Third-Party Defendants are necessary and indispensable parties to this action because the absence of Third-Party Defendants could subject TCI to multiple damage claims because of potential indemnity obligations.

46. Third-Party Defendants are necessary and indispensable parties to this action because Third-Party Defendants would have been joint employers for the alleged aggrieved female potential laborers.

47. As joint employers, Third-Party Defendants are subject to the same obligations, requirements and potential damages under Title VII regarding the alleged aggrieved female potential laborers as TCI, and are, therefore, indispensable to this action.

48. Joinder of Third-Party Defendants will not deprive this Court of subject matter jurisdiction.

### **PRAYER FOR RELIEF**

TCI respectfully requests that this Court join Third-Party Defendants as Defendants to the claims alleged and relief sought by EEOC so as not to subject

TCI to potential multiple recoveries or inconsistent liability.

## **JURY DEMAND**

TCI demands a trial by struck jury as to all of EEOC's claims.

DATED: May 12, 2025.

                                            Respectfully submitted,

                                      By:  /s  ***Taffi S. Stewart***
                                          Taffi S. Stewart, Esq. (ASB-0450-M72T)
                                          *Attorney for TCI of Alabama, LLC*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
tstewart@lgwmlaw.com

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

Onin Staffing, LLC
c/o Keith Williams, Registered Agent
3800 Colonnade Parkway, Suite 300
Birmingham, Alabama 35243

Personnel Staffing, Inc.
c/o Mike Purkey, Registered Agent
611 Walnut Street
Gadsden, Alabama 35901

WorkSmart, Inc.
c/o Loyd Select Staffing LLC
1837 Montgomery Highway #105
Hoover, Alabama 35244

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2025, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Bryan A. Grayson, Esq.
Christopher Lage, Esq.
Gwendolyn Young Reams, Esq.
Marsha Lynn Rucker, Esq.
Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 651-7045
Christopher.lage@eeoc.gov
Gwendolyn.reams@eeoc.gov
Marsha.rucker@eeoc.gov
*Attorney for Plaintiff*

/s **Taffi S. Stewart**
OF COUNSEL