# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TCI OF ALABAMA, LLC, ) | CASE NO. 4:25-cv-00089-CLM |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| ONIN STAFFING, LLC; ) | |
| PERSONNEL STAFFING, INC., ) | |
| and WORKSMART, INC., ) | |
| ) | |
| Third-Party Defendants. ) | |

## THIRD-PARTY DEFENDANT WORKSMART, INC.'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14, Third-Party Defendant WorkSmart, Inc. ("WorkSmart") moves[1] the Court to dismiss the claims filed against it by Defendant, TCI of Alabama, LLC ("TCI"). In support of this motion, WorkSmart states the following:

---

[1] Defendant WorkSmart adopts and incorporates the arguments made by Personnel Staffing, Inc. in support of the dismissal of the Amended Third-Party Complaint [Doc. 31] as if set forth herein.

A.   **Relevant Procedural History**

On January 17, 2025, the Equal Employment Opportunity Commission ("EEOC") filed a complaint against Defendant TCI alleging hiring discrimination in violation of Title VII's prohibition against sex discrimination [Doc. 1]. On June 18, 2025, TCI filed an Amended Third Party Complaint against WorkSmart, as well with two other staffing agencies [Doc. 23]. TCI asserts that WorkSmart should indemnify TCI for the claims brought by the EEOC based on WorkSmart's alleged breach of contract. WorkSmart denies any such breach or that it is liable to TCI.

B.   **Amended Third Party Complaint Improper Under Rule 14**

Federal Rule of Civil Procedure 14(a) allows impleading of a third party only if the claim is derivative of the plaintiff's claim against the defendant. *See Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 314 n.6 (11th Cir. 1992); Fed. R. Civ. P. 14(a)(1). A derivative claim is one that "presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant." *Parr v. Great Lakes Exp. Co.*, 484 F.2d 767, 769 (7th Cir. 1973). With the Amended Third Party Complaint, TCI inappropriately attempts to implead WorkSmart to make it responsible for TCI's own conduct. As such, the third-party claim against WorkSmart simply cannot be derivative of the EEOC's claims against TCI. This Court should dismiss TCI's Amended Third-Party Complaint on this basis alone. *See United States EEOC v. Fla. Care ALF of Amelia Island, Inc.*, No. 3:23-cv-1130,

2024 U.S. Dist. LEXIS 201014, \*\*9-10 (M.D. Fla. Nov. 5, 2024)(dismissing third-party complaint under similar facts).

**C.     TCI's Indemnification Claims Preempted by Title VII and Untimely**

TCI's Amended Third Party Complaint is an apparent inappropriate effort to contract around its Title VII obligations and shift responsibility to WorkSmart. The current EEOC allegations are solely against TCI. This Court should follow the sound reasoning of the district courts previously assessing claims in similar circumstances and dismiss the third-party Complaint against WorkSmart. *See, e.g., Thurmond v. Drive Auto. Indus. of Am., Inc.*, 974 F. Supp. 2d 900, 907 (D.S.C. 2013) (dismissing third-party complaint against staffing company based upon Title VII preemption); *EEOC v. Blockbuster, Inc.*, No. RWT 07cv2612, 2010 U.S. Dist. LEXIS 2889, \*\*9-10 (D. Md. Jan. 13, 2010) (dismissing breach of contract claim as a *de facto* indemnification claim against third-party staffing company and noting prohibition against contracting around Title VII obligations).

Additionally, TCI's breach of contract claim should be dismissed because it is not timely. Specifically, TCI and WorkSmart are parties to a staffing services agreement, which contains an indemnification provision. The indemnification provision has strict timelines with which TCI did not comply. TCI's breach of contract claim against WorkSmart is an inappropriate end-around deadlines provided in the indemnification provision and should not be countenanced. Ultimately, TCI's

failure to comply with the indemnification timelines is an additional reason for the dismissal of the breach of contract claim.

## **CONCLUSION**

Based on the foregoing, Third-Party Defendant WorkSmart respectfully requests that this Court for the dismissal of Defendant TCI's claims against WorkSmart.

Respectfully submitted this 15th day of August, 2025.

>   */s/ Shannon L. Miller*
>   Shannon L. Miller (ASB-8026-R60S)
>   Shannon.Miller@jacksonlewis.com
>   Direct Dial: 205-332-3102
>   JACKSON LEWIS P.C.
>   800 Shades Creek Parkway, Suite 870
>   Birmingham, Alabama 35209
>
>   **Attorney for Third-Party Defendant WorkSmart, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I have served a true and correct copy of the foregoing upon Plaintiff's counsel of record electronically by CM/ECF as follows:

Taffi S. Stewart
Lloyd, Gray, Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
tstewart@lgwmlaw.com

Warren B. Lightfoot, Jr.
Maynard Nexsen
1901 6th Avenue North, Suite 1700
Birmingham, AL 35203
wlightfoot@maynardnexsen.com

Josh B. Sullivan
Knowles & Sullivan, LLC
413 Broad Street
Gadsden, AL 35901
josh@kkslawgroup.com

Jay Kucia
EEOC, Jackson Area Office
100 West Capitol Street, Suite 338
Jackson, MS 39269
Jay.Kucia@eeoc.gov

Alysia D. Franklin
Marsha L. Rucker
Bryan A. Grayson
Gina E. Pearson
EEOC, Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Alysia.Franklin@eeoc.gov
Marsha.Rucker@eeoc.gov
Bryan.Grayson@eeoc.gov
Gina.Pearson@eeoc.gov

/s/ Shannon L. Miller
Counsel of Record

4932-6946-1855, v. 1