FILED
2026 Jul-22 AM 11:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

**v.**

**TCI OF ALABAMA LLC,**
Defendant.

**Case No. 4:25-cv-89-CLM**

# CONSENT DECREE

The court **GRANTS** the parties' joint motion for entry of consent decree (doc. 69) and enters the following consent decree.

In this action, the United States Equal Employment Opportunity Commission (EEOC) alleged in its Complaint that, since at least August 1, 2020, Defendant TCI of Alabama, LLC, has violated Title VII of the Civil Rights Act of 1964, as amended, by intentionally engaging in a pattern or practice of failing to hire a class of females available to accept laborer positions at its Pell City, Alabama plant because of their sex. Defendant denied the allegations.

EEOC and Defendant enter into this Consent Decree to resolve this action, and all claims asserted in EEOC's Complaint and to promote and effectuate the purposes of Title VII.

The court finds that it has jurisdiction over the subject matter of this action and the parties for purposes of the action, entry of the Consent Decree, and all proceedings related to the Consent Decree. The court, having examined the terms and provisions of the Consent Decree, further finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII. The court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

## IT IS ORDERED, ADJUDGED, AND DECREED:

### DEFINITIONS

1. "Defendant" means TCI of Alabama, LLC.

2. "Commission" or "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

3. The term "hire" or "hiring" refers to the filling of an employment opportunity with an individual whom Defendant sought to hire directly or through referrals of temporary employees by staffing agencies.

4. "Position" or "positions" means any employment opportunity to work for Defendant in a laborer position.

5. "Laborer position" means any entry level laborer position with Defendant as a temporary or permanent employee in its Pell City plant in positions other than in Defendant's on-site laboratory or administrative offices, including but not limited to entry level laborer positions in its Over 500 and Under 500 departments.

6. "Eligible claimant" or "eligible claimants" means all persons who: (a) are female; (b) sought to be or could have been assigned to work as a laborer at TCI through a third party staffing agency at its Pell City, Alabama location at any time from August 1, 2020, through the date of entry of this Decree; (c) were of legal age to work in a laborer position; and (d) were not assigned.

7. "Day" or "days" means calendar days.

8. "Effective date" means the date this Decree is docketed by the Clerk of Court after it is signed by or receives approval from the court.

9. "Expiration date" means three (3) years from the effective date of this Decree.

### GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS

10. This Decree shall become effective on the date of its entry by the court and shall remain in effect until its expiration date, which shall be three (3) years after the date of its entry by the court unless the court determines

that Defendant has not complied with this Consent Decree.

11. This Decree constitutes full discharge and satisfaction of any claims against Defendant that were alleged in the Complaint filed in this action by the EEOC. This Decree does not affect or limit EEOC's authority to process or litigate any other matter including but not limited to any other EEOC charge.

12. EEOC and Defendant shall bear their own attorneys' fees and costs incurred in connection with this action.

13. This court shall retain jurisdiction for the duration of the Decree to enforce its terms and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## INJUNCTION

14. Defendant, its officers, directors, agents, employees, successors in interest, assigns, and all persons acting in concert with it or on its behalf are enjoined and restrained from engaging in any act, practice, or policy that has the purpose or effect of discriminating against persons because of sex in recruiting, selections, hiring, and job assignments/placements for laborer positions.

15. Defendant, its officers, directors, agents, employees, successors in interest, assigns, and all persons acting in concert with it or on its behalf are enjoined and restrained from retaliating against any person because such person has opposed any practice made unlawful under Title VII; filed a charge of discrimination under Title VII; testified or participated in any manner in any investigation, proceeding, or hearing under Title VII; or asserted any rights or received any benefits under this Decree.

## MONETARY RELIEF

16. Within forty-five (45) days of the effective date of this Decree, Defendant shall deposit $2,600,000.00 (Two Million Six Hundred Thousand Dollars) consisting of backpay, plus interest, and compensatory and punitive damages into an interest-bearing Qualified Settlement Fund (QSF), to be distributed among the eligible claimants as defined herein and identified by

EEOC in its sole discretion. All funds in the QSF shall be used solely to provide monetary relief to such claimants. Defendant will notify EEOC in writing after it has deposited the monetary relief described above.

## CLAIMS ADMINISTRATOR

17. The Claims Administrator shall be Simpluris. The Administrator shall be responsible for (a) sending notices and claim forms related to settlement, after having received contact information for potential eligible claimants, and communicating with EEOC about such matters; (b) using parameters established by EEOC, communicating with persons to determine whether they are eligible claimants and responding to inquiries from and/or about them; (c) processing, sending, receiving, communicating about and tracking claim forms; (d) verifying information received from potential claimants and evaluation of such information as directed by EEOC; (e) tracking data regarding QSF matters including payments made from QSF funds; (f) sending notification of monetary awards; (g) issuing payment to eligible claimants from the QSF and tracking and accounting for all undeliverable payments; (h) issuing all tax-related documents; (i) complying with all tax-related obligations; (j) conferring with EEOC regarding Class Administrator duties and the QSF; and (k) any other duties that EEOC determines are necessary to administer the QSF.

18. Within 45 days of the date of this Decree, Defendant shall tender $150,000.00 to Simpluris for purposes of payment to Simpluris for administration of the claims as set forth in Paragraph 16 of this Decree ("Administrator Payment"). The Claims Administrator shall apply all expenses, costs and fees associated with claims administration against the $150,000.00 Administrator Payment. Should the claims administration process not exhaust or require the full Administrator Payment, any remaining sums shall be deposited by the Claims Administrator into the QSF for disbursement to the eligible claimants as determined by and within the sole discretion of EEOC. Should the claims administration process exceed the $150,000.00 Administrator Payment, the excess amounts shall be borne and paid by Defendant to the Claims Administrator. None of the monetary relief deposited into the QSF shall be used to pay such expenses, fees, or costs, or shall be used for purpose other than providing monetary relief to eligible

claimants or as set forth herein.

19. The Administrator shall inform Defendant of the amounts of backpay and compensatory and punitive damages distributed to each eligible claimant from the QSF and all other information necessary for Defendant to satisfy its payroll tax liabilities.

20. All distributions of monetary relief to and among eligible claimants will be determined by EEOC. Defendant shall not have any participation or role in determining the identities of eligible claimants or amounts payable to such persons.

21. Defendant will request that certain temporary staffing agencies voluntarily provide data regarding women candidates that could have been assigned to Defendant during the relevant time period to the Claims Administrator in an electronic format. Should the temporary staffing agencies refuse the request, EEOC will see issuance of subpoenas for the data. Defendant understands it is responsible for satisfying its own payroll tax obligations associated with payment of backpay.

22. EEOC shall have three (3) years after entry of this Decree within which payments may be made to eligible claimants from the QSF. At the end of that period, EEOC shall have the sole discretion to distribute any remaining undistributed funds in the QSF to eligible claimants of its choice.

23. If any portion of the QSF fund has not been disbursed following a reasonable period after payments were mailed by the Claims Administrator, then any amount remaining in the fund may be distributed as additional payments of backpay or compensatory and punitive damages, in amounts to be determined by EEOC in its sole discretion. In no event shall there be any reversion of any part of the settlement funds to Defendant.

24 The Claims Administrator shall make applicable tax withholdings from the portion of any award designated as backpay. The Claims Administrator shall issue an IRS Form W-2 to each person receiving a backpay payment, and an IRS Form 1099 to each person receiving a compensatory and punitive damages payment. Defendant may not deduct the employer's share of any applicable payroll taxes from the amounts distributed to eligible

claimants or from the QSF fund.

RECORD-KEEPING AND REPORTING (QUARTERLY REPORTS)

25. For the duration of this Decree, Defendant shall maintain all employment records required by 29 C.F.R. § 1602.14. Notwithstanding the preservation time periods described in 29 C.F.R. § 1602.14, Defendant shall keep and preserve the records described herein.

26. For the period of August 1, 2020 through the term of this Consent Decree, Defendant shall make, keep, and preserve all records reflecting or containing the following records in electronic form: (a) all in-house job postings regarding laborer positions; (b) all communications with staffing agencies regarding laborer employment opportunities available; (c) all communications with staffing agencies regarding available candidates for and temporary employees referred to fill any laborer position; (d) all communications with staffing agencies regarding hiring applicants referred for laborer positions.

27. Defendant shall make, keep, and preserve the following records in electronic form: (a) documents related to each complaint or report of sex discrimination made to Defendant's Title VII Coordinator, Defendant's Human Resources representatives, or any member of executive management by any person seeking a laborer employment opportunity, including the following: (a) the name of the person making the complaint or report; (b) the date of the report or complaint; (c) a detailed description of the allegations made (including a copy of the complaint or report, if made in written form); (d) the names and job titles of any witnesses, alleged victims, and person/s allegedly participating in the discriminatory or retaliatory conduct; (e) all notes or other records created because of the investigation, including interview notes; and (f) records reflecting the conclusion/s reached as a result of any investigation and what actions, if any, Defendant took to resolve the complaint or report.

28. Defendant shall provide a report to the Commission quarterly during the term of this Decree. Each report must contain: (a) a summary of all complaints or reports of sex discrimination received by or known to Defendant's Title VII Coordinator, Human Resources representatives, or any member of executive management during the period covered by the quarterly report, or certification that there were no such complaints or reports during

that period; (b) a record of attendance of the training required by this Decree; (c) certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report; and (d) all records and information described in Paragraph Nos. 26 and 27.

29. The first quarterly report shall be due three months after the effective date of the Decree. Subsequent reports shall be due every three months thereafter during the term of this Decree, except that the final report shall cover a six-month period and shall be submitted thirty (30) days before the expiration of the Decree.

## TITLE VII COORDINATOR

30. Within sixty (60) days of the effective date of the Decree, Defendant shall retain a third-party to assist Defendant's Title VII Coordinator, subject to the EEOC's approval of such appointment or hiring in advance, who shall be an individual with experience in Title VII, EEO compliance, human resources, and personnel matters and who is otherwise suitable by agreement of the parties. Defendant shall retain someone in this role for the duration of the Decree. Defendant must obtain the EEOC's approval, in advance, as to the identity of the third-party assistant and Title VII Coordinator and Defendant shall provide to the EEOC all information requested by the Commission regarding any proposed Coordinator, including complete information regarding their qualifications, training, and/or other suitability for the role.

31. Defendant shall inform all employees of the appointment and function of the third-party assistant and Title VII Coordinator in writing within ten (10) days of their appointment, and each individual who makes a complaint or report of discrimination (whether written or oral) to any member of executive management shall again receive, upon making a complaint or report, a written notice informing them of the existence and function of the Title VII Coordinator. Both the initial notice and the notice distributed upon receipt of a complaint or report shall provide the name, telephone number, electronic mail address, and mailing address at which the Title VII Coordinator may be reached.

32. Within ninety (90) days of the effective date of the Decree,

Defendant will ensure that the Title VII Coordinator has adequate staff and other resources to accomplish their responsibilities under this Decree.

33. Defendant shall direct the third-party assistant and Title VII Coordinator to assist Defendant in the following areas: (a) monitoring Defendant's compliance with the provisions of this Consent Decree and with Title VII generally; (b) creating and implementing the training program provided for in this Decree; (c) reviewing the policies and procedures that are within the scope of such matters described in this Decree, and making any revisions needed to ensure that employees and applicants are afforded equal employment opportunity guaranteed by Title VII; (d) conducting the Decree Orientation meeting after the effective date of the Decree; (e) assisting Defendant's Human Resources, supervisory, and management employees in complying with Title VII in hiring decisions and in complying with this Decree; (f) advising Defendant about appropriate discipline of and performance appraisals for any employee found to have violated Defendant's EEO policies or any provision of this Decree; (g) investigating independently and confidentially all complaints or reports of sex discrimination in hiring or of retaliation received by Defendant's Human Resources representatives, or any member of executive management; (h) making recommendations to Defendant regarding the appropriate disciplinary or corrective action to take to resolve a complaint or report of sex discrimination in hiring or of retaliation received by Defendant's Human Resources representatives, or any member of executive management; (i) maintaining detailed records of all complaints or reports of sex discrimination in hiring received by Defendant's Human Resources representatives, or any member of executive management, the investigation of such complaints or reports, and resolution thereof; (j) providing to the EEOC every six (6) months during the term of this Decree, with the quarterly reports described herein, a report of Defendant's compliance with each of the provisions of this Decree; and (k) ensuring that the Notice attached to this Decree is timely posted in all store locations where all other employee-related notices are posted.

## DECREE ORIENTATION

34. Defendant will instruct the third-party assistant and Title VII Coordinator to meet with Defendant's President, Vice President, all Human

Resources representatives, managers and supervisors (Decree Orientation Meeting) within sixty (60) days of the effective date of the Decree or within fifteen (15) days after their hire, whichever is later.

35. Defendant will instruct the third-party assistant and Title VII Coordinator to review all provisions of the Decree, explain all changes in policy and procedures affected by the Decree, and emphasize the legal ramifications which may be caused by Defendant's breach of, or failure to comply with, the terms and conditions set forth in this Decree during the Decree Orientation Meeting.

36. Attendance at the Decree Orientation Meeting shall be mandatory for all individuals identified above.

ANTI-DISCRIMINATION POLICY

37. Within thirty (30) days of the effective date of the Decree, Defendant will review its existing policies and procedures and adopt or affirm policies and procedures (collectively referred to as the policy or anti-discrimination policy), sufficient to ensure that Defendant provides equal employment opportunities to all applicants and employees without regard to sex.

38. The policy must be written to be easily understandable to a lay person and shall include at a minimum: (a) a strong and clear commitment to preventing unlawful discrimination in the workplace, including sex discrimination in hiring; (b) a strong and clear statement that sex discrimination is prohibited discrimination under Title VII; (c) a strong and clear statement encouraging persons who believe that they or others have been discriminated against based on sex to report such concerns to Defendant's Title VII Coordinator, Human Resources representatives, or any member of executive management; (d) an assurance of non-retaliation for persons who report unlawful discrimination and/or retaliation, and for witnesses who provide testimony and/or assistance in the investigation/s of such unlawful discrimination and/or retaliation; (e) a confidential, toll-free, employee hotline number for reporting concerns about sex discrimination or retaliation and where such complaints or reports may be communicated; (f) a clear explanation of the steps an employee may take to report sex discrimination or retaliation

— including the options of making such a report to the Title VII Coordinator, Human Resources representatives or any member of executive management — which steps must include the options of making an oral or written complaint or report in the language of the employee's choosing; (g) a statement that the EEOC will accept and investigate charges of unlawful discrimination and/or retaliation at no charge to the complaining party and that provides the EEOC's web address; (h) a clear explanation of the steps managers and Human Resources representatives must take upon receiving a report of sex discrimination or retaliation, which must include bringing the complaint or report to the attention of the Title VII Coordinator; (i) a clear statement that EEO compliance will be a component in performance appraisals for all managerial and supervisory positions; (j) an assurance that Defendant will investigate complaints of sex discrimination and retaliation made to Defendant's Title VII Coordinator, Human Resources representatives, or any member of executive management, and that such investigation will be prompt, fair, and reasonable, and will be conducted by a person trained in investigating allegations of discrimination; (k) a policy that Defendant shall not store documents related to the investigation in any complainant's personnel file, and that a record of all disciplinary actions taken against an employee for a violation of the policy shall be kept in that employee's personnel file; (l) an assurance that appropriate corrective action will be taken by Defendant to address any sex discrimination or retaliation; (m) a description of the consequences, up to and including termination, that will be imposed upon employees who violate the policy; (n) a provision that Defendant will protect to the extent possible the confidentiality of persons who report unlawful sex discrimination and/or retaliation, or who participate in an investigation into allegations of discrimination (including harassment), and/or retaliation; (o) an assurance that each time the policy is modified, Defendant shall disseminate it to all employees; and (p) the contact information for Defendant's Title VII Coordinator.

39. Within thirty (30) days after completion of the policy review required herein, Defendant shall provide a copy of the policy to any recruiters or employment agencies with whom it contracts for the purpose of supplying labor, temporary or permanent, for its facilities, and any other individuals who have any input into hiring.

40 Within thirty (30) days after completion of the policy review required herein, Defendant will post the policy on its website.

41. Within thirty (30) days after completion of the policy review required herein, Defendant will distribute a copy of the policy to all current employees and will provide a copy of the policy to newly hired employees within ten (10) days of hire. Upon request made to Defendant's Title VII Coordinator, Defendant shall make reasonable efforts to make the policy available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the policies.

42. Within thirty (30) days after completion of the policy review required herein, Defendant shall post (and keep posted) the policy, in a prominent location that is customarily used for displaying communications to employees at stores covered by this Decree.

43. Within ten (10) days after completion of the policy review required herein, Defendant shall forward a copy of the policy to the Commission and certify that the policy has been posted and distributed. Defendant shall notify the Commission of any subsequent revisions to the policy within ten (10) days thereof.

## TRAINING FOR OWNERS, OFFICERS, MANAGERS, SUPERVISORS AND EMPLOYEES

44. Within 90 days of entry of this Consent Decree, Defendant shall provide a training session at least 60 minutes in length on the anti-discrimination laws enforced by the EEOC, including Defendant's obligation to provide a workplace free of discrimination and retaliation. The training shall also include examples of what constitutes protected activity under Title VII, what constitutes retaliatory conduct under Title VII, what constitutes discrimination under Title VII, the best ways to achieve the objective of a workplace free from discrimination and retaliation, and the identity of the persons to whom an employee or applicant should report allegations of workplace discrimination or retaliation. The training shall be given to all owners, officers, managers, supervisors, and employees. Individuals subject to a training requirement shall be notified in writing that the training is

mandatory. Defendant shall provide this training annually for the duration of this Consent Decree.

45. The training shall be presented by a third-party trainer qualified by education and experience in the subject matter. Defendant shall submit to the EEOC, two weeks prior to each training, the name of the presenter and his or her qualifications.

46. This training shall be videotaped for persons who are employed at the time of the training but absent from work when the training takes place. Persons hired subsequent to the periodic training sessions provided for above shall be trained via videotape within the first 30 days of their employment.

47. Defendant shall generate a registry containing signatures of all persons attending each of the trainings described above. All persons attending the training shall be instructed to sign the registry when they attend the entire training session or watch a videotape of the entire training session. Defendant shall retain each registry for the duration of the Consent Decree.

48. Within 30 days after completion of each training, Defendant shall provide the EEOC Regional Attorney, Marsha Rucker, with a typed certification that all persons required to receive the training have received the necessary training, the typed names of the persons trained, and a date by which any person absent at the time the training was conducted shall be trained. Any person who does not attend the trainings despite being presently employed with Defendant shall be trained within 30 days after scheduled training.

## NOTICE POSTING

49. Defendant shall post the attached Notice in all of its facilities, within thirty (30) days of the effective date of the Decree in conspicuous places upon its premises where notices to employees are customarily posted, including on any electronic bulletin boards that are in use.

50. Defendant shall also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## MONITORING

51. The Commission shall have the right to monitor and review compliance with this Decree. EEOC may request information or records from Defendant relevant to evaluating compliance with this Decree, which shall not be unreasonably withheld. Defendant will comply with a reasonable request for information or records within thirty (30) days of the request.

## EEOC's REPORTING REQUIREMENTS UNDER IRC §§ 162(f) and 6050X

52. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

a. The Defendant's EIN is:

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name:

Physical Address:

53. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

54. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

55. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

56. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

57. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant. At thirty (30) days prior to any sale or other transfer of Defendant's business or sale or other transfer of all or a substantial portion of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor, and shall contemporaneously notify the Commission of such sale or transfer.

58. This Decree shall not be construed as placing any limit on remedies available to the court in the event that Defendant is found to be in contempt for a violation of this Decree.

59. If the court finds any provision of this Decree unlawful, the court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

60. When this Decree requires Defendant to submit reports, certifications, notices, or other materials to the Commission, submissions shall be made to the attention of the Regional Attorney, Equal Employment Opportunity Commission, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

**DONE** and **ORDERED** on July 22, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

# SIGNATURES

The parties agree to the entry of this Decree.

APPROVED AND CONSENTED TO BY:

AUTHORIZED REPRESENTATIVE
FOR DEFENDANT TCI OF ALABAMA, LLC

George W Jackson
(Printed Name)

Date: 7/13/2026

ATTORNEY FOR DEFENDANT
TCI OF ALABAMA, LLC

Taffi S. Stewart
(Printed Name)

Date:

CATHERINE L. ESCHBACH
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

MARSHA RUCKER
REGIONAL ATTORNEY
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

MARSHA RUCKER
(Printed Name)

Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 651-7045

Date:

7/14/2026

## EXHIBIT A

## NOTICE TO ALL TCI OF ALABAMA, LLC EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. TCI of Alabama, LLC (Civil Action No. 4:25-cv-0089-CLM in the U.S. District Court for the Northern District of Alabama).

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII also prohibits discrimination or harassment of applicants and employees because of their sex, including pregnancy, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees. For more information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material.**

________________________ ______________________________

Date On Behalf of TCI of Alabama, LLC